IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 10-B-36982 |
| | ) | |
| CENTER HOLDING COMPANY, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |
| | ) | |
| | ) | **Hearing Date:** May 21, 2013 |
| | ) | **Hearing Time:** 10:30 a.m. |
| | ) | **Room No.:** 644 |

## COVER SHEET FOR SECOND AND FINAL FEE APPLICATION AND REIMBURSEMENT OF EXPENSES OF FRANKGECKER LLP

| | |
|---|---|
| Name of Applicant: | FrankGecker LLP |
| Authorized to Provide Professional Services to: | Frances F. Gecker, Chapter 7 Trustee of the Estate of CENTER HOLDING COMPANY |
| Period for Which Compensation is Sought: | May 1, 2012 through March 29, 2013 |
| Amount of Fees Sought: | $   4,187.50 |
| Amount of Expense Reimbursement Sought: | $   4.40 |
| This is a: | Second and Final Fee Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $24,710.30.

{CENTERHO/001/00034338.DOC/}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) No. 10-B-36982 |
| | ) |
| CENTER HOLDING COMPANY, | ) Chapter 7 |
| | ) |
| Debtor. | ) Honorable Pamela S. Hollis |
| | ) |
| | ) Hearing Date:  May 21, 2013 |
| | ) Hearing Time:  10:30 a.m. |
| | ) Room No.:       644 |

### NOTICE OF HEARING

PLEASE TAKE NOTICE that on **May 21, 2013 at 10:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Pamela S. Hollis in Courtroom 644 of the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, or whomever may be sitting in her place and stead, and then and there present the **Second and Final Application of Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of Center Holding Company for Compensation and Reimbursement of Expenses of Her Counsel, FrankGecker LLP**, a copy of which is attached hereto and hereby served upon you.

Dated: March 29, 2013

Respectfully submitted,

FRANCES GECKER, not individually, but as Chapter 7 Trustee of the bankruptcy estate of CENTER HOLDING COMPANY,

By: ___/s/____Zane L. Zielinski_____
One of her attorneys

Zane L. Zielinski (IL ARDC #6278776)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
zzielinski@fgllp.com

{CENTERHO/001/00034338.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 10-B-36982 |
| | ) | |
| CENTER HOLDING COMPANY, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Pamela S. Hollis |
| | ) | |

**SECOND AND FINAL APPLICATION OF FRANCES GECKER,
CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF
CENTER HOLDING COMPANY FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF HER COUNSEL, FRANKGECKER LLP**

Frances Gecker, not individually, but as Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Center Holding Company (the "Debtor"), hereby submits its second and final application (the "Application") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation totaling $4,187.50 for legal services performed as counsel to the Trustee during the period of May 1, 2012 through and including March 29, 2013 (the "Application Period") and reimbursement of expenses totaling $4.40 incurred in connection with those services. In support of its Application, FrankGecker LLP respectfully states as follows:

## INTRODUCTION

1. On August 18, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

2. Frances Gecker ("Trustee") is the duly appointed and qualified Chapter 7 Trustee of the case.

3. The Section 341 meeting of creditors was held on November 30, 2010 (the "341 Meeting").

{CENTERHO/001/00034338.DOC/} 1

4. On December 8, 2010, this Court entered an order authorizing the Trustee to retain Zane L. Zielinski and the professionals of FrankGecker LLP (collectively, "FG") as her counsel in the Case retroactive to October 27, 2010.

5. The Debtor operated a residential real estate brokerage firm.

6. At issue was approximately $180,000.00 in funds maintained by the Debtor in several accounts for which the Debtor had incomplete records (the "Funds"). After investigating certain public records and requesting services of a real estate advisor, the Trustee decided the Funds represent undisclosed income that could be used to pay the Debtor's creditors.

7. Since her appointment, with the assistance of her attorneys, the Trustee has taken a variety of actions necessary to administer the Debtor's estate. The Trustee has: (i) sought the turnover of various bank accounts holding the Funds; (ii) investigated and reviewed the business records of the Debtor related to the Funds; (iii) researched and investigated approximately one-hundred and twenty real estate transactions in which the Debtor was involved with respect to the Funds; (iv) coordinated with the accountant on difficult tax issues related to the Funds; and (v) with the Court's approval, made an interim distribution of $120,000.00 to Roaring Fork Capital Partners, the sole claimant in this case.

8. This Application seeks allowance of all fees and expenses incurred by F/G during the Application Period.

9. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

I.  SERVICES PERFORMED

A.  Administration                                                        $2,325.00

FG spent **6.60** hours at a cost of **$2,325.00** on general administrative issues. This includes time related to preparation and court hearing on debtor's objection to trustee's counsel's fees; communications with trustee's accountant regarding tax issues; as well as preparation and attendance [prorated] for trustee's final report hearing.

B.  Claims                                                                $490.00

FG spent **1.40** hours at a cost of **$490.00** on claim issues. This includes time related to the drafting, filing and appearance in court for trustee's motion to make an interim distribution to the primary creditor.

C.  Preparation of Fee Application -Retention                             $1,263.00

FG spent **3.60** hours at a cost of **$1,263.00** on retaining professionals for the Trustee.

D.  Tax Issues/Accounting Records                                         $109.50

FG spent **.30** hours at a cost of **$109.50** on reviewing final tax issues with trustee's accountant.

II.  ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

Zane L. Zielinski (ZLZ) is an associate at FrankGecker LLP. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

III.  CALCULATION OF TIME AND FEES

This is the Trustee's second and final application for compensation and reimbursement of fees and expenses incurred by FG during the Application Period. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been

for services directly related to the case and were rendered for the benefit of the Trustee and the Debtor's estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibits, FG's attorneys and paralegal have spent a total of 11.90 hours providing necessary legal services for the Trustee. As a result, they request compensation in the amount of **$4,187.50** for actual, necessary legal services performed (Exhibit A). The average hourly rate is **$351.89**. In addition, FG has expended the sum of **$4.40** for actual, necessary expenses incurred in representing the Trustee (Exhibit A). FG has voluntarily written off all expenses related to fax charges and copy charges. The amounts shown in Exhibit A are primarily for postage.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by FG on each of its clients. The hourly rates charged are the regular hourly rates charged by the firm to its clients. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was either a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared a time exhibit presented in the attached Exhibit A. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this Application for its overhead expenses, including word processing or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate. These charges fairly compensate the firm's actual costs

and do not result in undue revenue for the firm. Moreover, F/G's non-bankruptcy clients routinely are billed and pay these types of expenses. *See In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

No compensation has been promised to F/G, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FG respectfully requests that this Court enter an Order:

A. Allowing FG compensation for actual, necessary legal services in the amount of **$4,187.50**;

B. Allowing FG reimbursement of actual, necessary expenses in the amount of **$4.40**; and

C. Authorizing the Trustee to pay F/G compensation and expense reimbursement in the total amount of **$4,191.90**.

Dated: March 29, 2013

Respectfully submitted,

FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of CENTER HOLDING COMPANY,

By: /s/ *Zane L. Zielinski*
Zane L. Zielinski

Zane L. Zielinski (IL ARDC #6278776)
**Frank/Gecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
zzielinski@fgllp.com

{CENTERHO/001/00034338.DOC/} 5